UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSHUA WENZLICK,

Plaintiffs,

v.

Case Number 25-12351
Honorable David M. Lawson

PHILLIP ROOS, Director of the Michigan Department of Environment, Great Lakes and Energy,
DANA NESSEL, Michigan Attorney General,
and BRIAN MARSHALL,

Defendants.
______________________________/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION**

Plaintiff Joshua Wenzlick seeks reconsideration of part of the Court's opinion and order granting in part the defendants' motion to dismiss the amended complaint. In an opinion filed on August 12, 2026, the Court dismissed most of Wenzlick's claims that arose from the construction and expansion of a pond on his property, which representatives of the Michigan Department of Environment, Great Lakes, and Energy, known as "EGLE," determined to violate Part 303 of the Michigan Natural Environmental Protection Act (NREPA), Mich. Comp. Laws § 324.30301 *et seq.*, a law regulating the conservation of wetlands. After the opinion was filed, the only claims that remained were a Fourth Amendment illegal seizure claim against defendant Brian Marshall in both his individual and official capacities, a Fourth Amendment illegal search claim against Marshall in his individual capacity, and the state law trespass claim against Marshall, also in his individual capacity. None of those claims are the subject of the present motion.

The earlier opinion also dismissed Wenzlick's claim that Michigan's enforcement statute violates the Eighth Amendment's prohibition against excessive fines. The law allows a court, upon

finding a violation, to impose a fine of up to $10,000 for each violation day. Mich. Comp. Laws § 324.30316(1). A court also may order restoration of the wetland to its original condition. *Id.* at § 324.30316(4). The Court dismissed that claim as unripe because the State had not brought enforcement proceedings against Wenzlick at the time of the motion hearing. *See* Opinion and Order on Mot. to Dismiss, ECF No. 28, PageID.1003. In the present motion, Wenzlick informs the Court that his claim now is ripe because the State has filed an enforcement action against him. He makes certain other arguments, which are discussed below.

I.

In the Eastern District of Michigan, Local Rule 7.1(h) governs motions for reconsideration and distinguishes the standard of review based on the nature of the order to be reconsidered. E.D. Mich. LR 7.1(h)(1) (specifying that reconsideration of final orders must be brought under Civil Rule 59(e) or 60(b), not under the local rule). The Court's previous opinion and order on the motion to dismiss was not a final order. *See Slep-Tone Ent. Corp. v. Karaoke Kandy Store, Inc.*, 782 F.3d 712, 715 (6th Cir. 2015). Moreover, it is well-settled that "[d]istrict courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991) (citing *Marconi Wireless Tel. Co. v. United States*, 320 U.S. 1, 47-48 (1943)).

Under Local Rule 7.1(h), reconsideration of non-final orders may be granted if:

> (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
>
> (B) An intervening change in controlling law warrants a different outcome; or
>
> (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. LR 7.1(h)(2). Although Wenzlick does not specify which section of the rule he relies on, his arguments may apply to the first and third category.

II.

Wenzlick asks the Court to reconsider its ruling that his Eighth Amendment excessive fines challenge did not present a live case or controversy based on new facts: the state of Michigan has begun an enforcement action against him. He acknowledges that a final dollar amount (or any fine, for that matter) has not been assessed against him as part of the enforcement proceedings, but he believes that the Court need not wait on an amount to determine whether the Eighth Amendment has been violated. Wenzlick also points to *Thomas v. County of Humboldt*, 124 F.4th 1179 (9th Cir. 2024), which he cited in his initial response to the motion to dismiss, as supporting his argument that his claim is ripe. He also contends that waiting until after the state case concludes would create an "untenable preclusion trap," ECF No. 30, PageID.1028, that is, that delaying adjudication of his excessive fines claim until after final judgment in his state court enforcement action will have some sort of preclusive effect in this Court. Finally, Wenzlick states that although the Court mentioned in the body of its opinion that his excessive fines claims would be dismissed "without prejudice," ECF No. 28, PageID.1003, the mandatory language at the end of the opinion and order stated that the excessive fines claims were dismissed *with* prejudice. *See id.* at PageID.1013. He seeks correction of that pronouncement.

In its earlier opinion, the Court determined that the amended complaint did not allege that the State had brought an enforcement action against Wenzlick, and certainly no state court had levied any fine or remedial order against him. The Court observed:

> Wenzlick's concern at this point is entirely theoretical. . . . [N]o fine has been imposed against him for any conduct on his part. "Excessive" is a relative term that is difficult to assess absent context. For instance, it is commonly understood that "[a] punitive fine violates the Eighth Amendment's 'Excessive Fines Clause if it is

> grossly disproportional to the gravity of a defendant's offense.'" *United States v. Blackwell*, 459 F.3d 739, 771 (6th Cir. 2006) (quoting *United States v. Bajakajian*, 524 U.S. 321, 334 (1998)). Without a determination of the gravity of Wenzlick's offense, if any, or the amount of a fine sought, excessiveness is but a chimera. It may be that the maximum $10,000 daily fine is warranted or even inadequate. Observe that a fine under similar circumstances for violating the Clean Water Act could exceed $40,000 per day. *Sackett* [*v. Environmental Protection Agency*], 598 U.S. [651,] 662 [(2023)]. But without context, the Court is left to speculate whether the plaintiff might suffer a constitutional injury. Because of that reality, the Sixth Circuit has concluded that "review of [an] Eighth Amendment challenge is best done after the imposition of a punishment or fine." *Stevens v. City of Columbus, Ohio*, No. 21-3755, 2022 WL 2966396, at *12 (6th Cir. July 27, 2022).

Opinion and Order, ECF No. 28, PageID.1001.

The State's initiation of enforcement proceedings in a Michigan circuit court does not change any of those circumstances, at least with respect to Wenzlick's as-applied challenge under the Eighth Amendment. It appears that he concedes that point when he acknowledges in his motion that the Court's "reasoning may bear upon one formulation of Wenzlick's as-applied claim," although "[i]t does not dispose of the separately pleaded *facial* challenge." ECF No. 30, PageID.1025. In all events, there is no error in the Court's determination that Wenzlick's as-applied challenge is not ripe for review, and the State's initiation of enforcement proceedings under Part 303 of NREPA, when there has been no determination of a violation and no imposition of a fine, does not change that reality.

Wenzlick's reference to *Thomas v. Humboldt County*, 124 F.4th 1179, perhaps may be viewed as an argument to extend his effort to review his as-applied challenge. He criticizes the Court for not mentioning the out-of-circuit, factually and legally distinguishable case in its earlier opinion and order. Although the court in *Thomas* does hold that the "[p]laintiffs have plausibly alleged that the County's system of administrative penalties and fees violates the Excessive Fines Clause," *id.* at 1193, it is plain that the gravamen of the decision focuses on an as-applied challenge. But that decision has no application to the ripeness question here.

In *Thomas*, property owners challenged a county's building and zoning enforcement scheme that subjected them to daily administrative fines ranging from $6,000 to $10,000, which were imposed "automatically" after a Code Enforcement Unit determined that the property owner was in violation of the building code and a notice of violation was sent. *Id.* at 1184-86. The district court dismissed their excessive fines claims for lack of standing and ripeness because the plaintiffs had not actually paid the penalties and the opportunity for administrative appeal was allowed. *Id.* at 1186. Reversing, the Ninth Circuit rejected the conclusion that an excessive fines claim was unripe simply because the plaintiffs had not yet *paid* the challenged penalties. *Id.* at 1187-90. The court reasoned that the plaintiffs had suffered concrete injuries from the county's imposition of substantial daily penalties even before payment and therefore held that their Eighth Amendment claim presented a justiciable controversy. *Ibid.*; *see also id.* at 1189 ("Here . . . [the p]laintiffs allege that they *have* been charged with violating the County Code, the daily fine has *automatically* accrued, and the [c]ounty has reiterated on multiple occasions that [the p]laintiffs are responsible for paying the fine, thereby reducing the speculative nature of their injury.").

*Thomas* does not support the proposition that every *threatened* monetary sanction becomes ripe upon commencement of an enforcement proceeding. In *Thomas*, the penalties already had been *imposed*, whereas here the state court has yet to impose any fine upon Wenzlick or even determined that a violation had occurred. The Ninth Circuit case provides no support for the argument that the plaintiff has standing to assert an as-applied challenge to the enforcement provisions of Part 303 of NREPA.

Wenzlick devotes most of his argument to the proposition that the pendency of the state court enforcement action revives his facial challenge to NREPA's enforcement provisions. In the previous opinion, the Court wrote that "there are no facts to support the idea that a $10,000-per-

day fine for a violation of NREPA is excessive on its face." Opinion and Order, ECF No. 28, PageID.1003. That language might be viewed as a merits determination on the motion to dismiss, but the Court followed that statement with the following: "That claim is based on abstractions, but the ripeness doctrine prevents courts from adjudicating issues in the abstract before a factual basis is fully developed." *Ibid.* The decision, therefore, was based on justiciability.

The pendency of the state enforcement proceeding is a material fact that justifies reconsideration of the ripeness issue for Wenzlick's facial challenge. He no longer is anticipating that the State might someday subject him to an enforcement penalty; he is actively engaged in the penalty enforcement process. *See Thomas More L. Ctr. v. Obama,* 651 F.3d 529, 537 (6th Cir. 2011) (explaining that when a plaintiff is "an object of the challenged action," there is "ordinarily little question that the action or inaction has caused him injury" (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561-62 (1992)), *abrogated on other grounds by Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519 (2012).

However, under Local Rule 7.1(h)(2)(C), a party seeking reconsideration must show that the "[n]ew facts" upon which the reconsideration is based will "warrant a different outcome." In other words, the Court must determine whether dismissal with prejudice is still proper in light of the new state proceeding. Although the facial challenge is now ripe, dismissal of the facial challenge with prejudice is appropriate if the complaint fails to state a claim on the merits and "the complaint could not be saved by an amendment." *Stewart v. IHT Ins. Agency Grp., LLC*, 990 F.3d 455, 457 n.* (6th Cir. 2021) (citation omitted). As discussed below, dismissal with prejudice remains appropriate because there still are no facts pleaded in the amended complaint to show that NREPA's authorization of a $10,000-per-day fine is excessive on its face, and no amendment would change this.

It is well established that a facial challenge to a statute that imposes a penalty "is the 'most difficult challenge to mount successfully,' because it requires [the challenging party] to 'establish that no set of circumstances exists under which the Act would be valid.'" *United States v. Rahimi*, 602 U.S. 680, 693 (2024) (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)). "That means" that to repel a facial challenge successfully, the State "need only demonstrate that [the statute] is constitutional in some of its applications." *Ibid.* So Wenzlick must plead facts that "show[] either [that] '(1) that there truly are "no" or at least few "circumstances" in "which the Act would be valid," or (2) that a court cannot sever the unconstitutional textual provisions of the law or enjoin its unconstitutional applications.'" *Zillow, Inc. v. Miller*, 126 F.4th 445, 455-56 (6th Cir. 2025) (quoting *Connection Distrib. Co. v. Holder*, 557 F.3d 321, 335 (6th Cir. 2009) (en banc)). As noted, he has not done so.

Recall that "[a] punitive fine violates the Eighth Amendment's 'Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense.'" *United States v. Blackwell*, 459 F.3d 739, 771 (6th Cir. 2006) (quoting *United States v. Bajakajian*, 524 U.S. 321, 334 (1998)). A "facial" challenge does not eliminate the principles of proportionality that undergird the Eighth Amendment's excessive fines clause. *See Bajakajian*, 524 U.S. at 334. There surely are circumstances where the maximum $10,000 daily fine is warranted "or even inadequate. Observe that a fine under similar circumstances for violating the Clean Water Act could exceed $40,000 per day." Opinion and Order, ECF No. 28, PageID.1001 (citing *Sackett*, 598 U.S. at 662).

Because Wenzlick has not pleaded any facts in his amended complaint that the enforcement mechanism in Part 303 of NREPA, Mich. Comp. Laws §§ 324.30316(1), (4), imposes grossly disproportionate fines in all or most of its possible applications, *see Zillow*, 126 F.4th at 455-56, his facial challenge fails on the merits. Since the challenged statutory penalties would remain the

same notwithstanding any amendment, dismissal with prejudice remains appropriate. *See Stewart*, 990 F.3d at 457 n.*. Therefore, even acknowledging the new fact that an enforcement proceeding has been commenced against him in state court, reconsideration is not warranted because that fact does not change the outcome of the prior decision.

Wenzlick also argues that refusing to entertain his excessive fines claim in this lawsuit will create a "procedural Catch-22" because waiting for a fine to be imposed in the state case would preclude him from raising an Eighth Amendment claim in this Court. He analogizes to the circumstances created by the Supreme Court for takings claims under the Fifth Amendment in *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985). *Williamson* held that property owners had to pursue just compensation through state procedures before a federal takings claim became ripe; for a time, this holding seemed to conflict with *San Remo Hotel, L.P. v. City & County of San Francisco*, 545 U.S. 323 (2005), where the Court held that a state court's determinations of a taking and just compensation generally held preclusive effect. The Supreme Court corrected that anomaly in *Knick v. Township of Scott*, 588 U.S. 180, 2`06 (2019), which eliminated *Williamson*'s exhaustion requirement. But *Knick* did not hold that the possibility of future preclusion could render an otherwise unripe constitutional claim justiciable.

Moreover, the analogy is imperfect. The *Williamson* line of cases dealt with affirmative taking claims under the Fifth Amendment, where plaintiffs took the initiative to file coercive claims against governmental entities and sought recovery. In the present action, the plaintiff seeks a declaration that the environmental enforcement action against him is based on an unconstitutional statute. His claim, therefore, is not a coercive action for affirmative relief. Instead, he requests a declaratory ruling on a possible affirmative defense to a state enforcement action, which was

inchoate at the time he filed his amended complaint, but which now has come to fruition. But there is nothing that prevents him from asserting his constitutional defense under the Eighth Amendment in that action.

There is one last point that requires discussion. Wenzlick calls attention to an inconsistency in the Court's prior opinion where the body of the decision dismissed the Eighth Amendment claim without prejudice, but the mandatory order language dismissed the claim with prejudice. *Compare* ECF No. 28, PageID.1003 ("Count II of the amended complaint will be dismissed without prejudice.") *with id.* at PageID.1013 ("It is further ORDERED that Count[] . . . II . . . of the amended complaint [is] DISMISSED WITH PREJUDICE as to plaintiff Joshua Wenzlick."). The Court dismissed the Eighth Amendment claim because it was not ripe at the time, and therefore it did not trigger the Court's Article III jurisdiction. *Id.* at PageID.1003 ("'[W]hen a case is anchored in future events that may not occur as anticipated, or at all,' the case is not ripe for review." (quoting *City Commc'ns, Inc. v. City of Detroit*, 888 F.2d 1081, 1089 (6th Cir. 1989)).

Wenzlick is correct that a "[d]ismissal for lack of subject-matter jurisdiction should normally be without prejudice, since by definition the court lacks power to reach the merits of the case." *Revere v. Wilmington Fin.*, 406 F. App'x 936, 937 (6th Cir. 2011) (citing *Ernst v. Rising*, 427 F.3d 351, 366 (6th Cir. 2005)). His request for reconsideration of that part of the prior order has merit, but only to a point. Because the new fact of the state enforcement proceeding renders the plaintiff's facial challenge ripe for review, and because the Court has now determined the merits of that claim, only the dismissal of his as-applied challenge (on jurisdictional grounds) should be without prejudice.

III.

The plaintiff has not shown that the Court made a mistake in its previous opinion on the merits of the claims or that there are new facts that could not have been discovered with reasonable diligence before the prior decision warrant a different outcome. The plaintiff correctly argues that the dismissal of Count II of the amended complaint should have been without prejudice, but only as to the as-applied challenge to the enforcement statute in that count.

Accordingly, it is **ORDERED** that the plaintiff's motion for reconsideration (ECF No. 30) is **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that Counts II of the amended complaint insofar as it raises an as-applied challenge to the constitutionality of the enforcement provisions of Part 303 of the Michigan Natural Environmental Protection Act, Mich. Comp. Laws §§ 324.30316(1), (4), under the Eighth Amendment is **DISMISSED WITHOUT PREJUDICE** as to plaintiff Joshua Wenzlick.

It is further **ORDERED** that the motion is **DENIED** in all other respects.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: September 22, 2026